L.B.F. 3015.1

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re: **Mary M. Rubenstein**

Case No.: **19-13824**
Chapter 13

Debtor(s)

## Chapter 13 Plan

☐ Original

☒ **6** Amended

Date: **August 31, 2022**

**THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE**

**YOUR RIGHTS WILL BE AFFECTED**

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. **ANYONE WHO WISHES TO OPPOSE ANY PROVISION OF THIS PLAN MUST FILE A WRITTEN OBJECTION** in accordance with Bankruptcy Rule 3015 and Local Rule 3015-4. **This Plan may be confirmed and become binding, unless a written objection is filed.**

**IN ORDER TO RECEIVE A DISTRIBUTION UNDER THE PLAN, YOU
MUST FILE A PROOF OF CLAIM BY THE DEADLINE STATED IN THE
NOTICE OF MEETING OF CREDITORS.**

### Part 1: Bankruptcy Rule 3015.1 Disclosures

☐ Plan contains nonstandard or additional provisions – see Part 9

☐ Plan limits the amount of secured claim(s) based on value of collateral – see Part 4

☐ Plan avoids a security interest or lien – see Part 4 and/or Part 9

### Part 2: Plan Payment, Length and Distribution – PARTS 2(c) & 2(e) MUST BE COMPLETED IN EVERY CASE

**TOTAL LENGTH OF PLAN: 84 MONTHS**

**§ 2(a)(1) Initial Plan:**
  **Total Base Amount** to be paid to the Chapter 13 Trustee ("Trustee") $_____
  Debtor shall pay the Trustee $_____ per month for _____ months; and
  Debtor shall pay the Trustee $_____ per month for _____ months.
  ☐ Other changes in the scheduled plan payment are set forth in § 2(d)

**§ 2(a)(2) Amended Plan:**
  **Total Base Amount** to be paid to the Chapter 13 Trustee ("Trustee") $ **93,532.00**
  The Plan payments by Debtor shall consists of the total amount previously paid ($ **36,916.00** )
added to the new monthly Plan payments in the amount of **1,204.00** beginning **09/13/2022** (date) and continuing for **47** months.
  ☐ Other changes in the scheduled plan payment are set forth in § 2(d)

**§ 2(b)** Debtor shall make plan payments to the Trustee from the following sources in addition to future wages (Describe source, amount and date when funds are available, if known):

**§ 2(c) Alternative treatment of secured claims:**
  ☒ **None.** If "None" is checked, the rest of § 2(c) need not be completed.

  ☐ **Sale of real property**
See § 7(c) below for detailed description

| Debtor | **Mary M. Rubenstein** | Case number | **19-13824** |
|---|---|---|---|

☐ **Loan modification with respect to mortgage encumbering property:**
See § 4(f) below for detailed description

**§ 2(d) Other information that may be important relating to the payment and length of Plan:**

**§ 2(e) Estimated Distribution**

| | | | | |
|---|---|---|---|---|
| A. | Total Priority Claims (Part 3) | | | |
| | 1. Unpaid attorney's fees | | $ | **5,500.00** |
| | 2. Unpaid attorney's cost | | $ | **0.00** |
| | 3. Other priority claims (e.g., priority taxes) | | $ | **0.00** |
| B. | Total distribution to cure defaults (§ 4(b)) | | $ | **34,176.41** |
| C. | Total distribution on secured claims (§§ 4(c) &(d)) | | $ | **43,186.35** |
| D. | Total distribution on unsecured claims (Part 5) | | $ | **1,315.74** |
| | Subtotal | | $ | **84,178.50** |
| E. | Estimated Trustee's Commission | | $ | **9,353.50** |
| F. | Base Amount | | $ | **93,532.00** |

☒ **By checking this box, Debtor's counsel certifies that the information contained in Counsel's Disclosure of Compensation [Form B2030] is accurate, qualifies counsel to receive compensation pursuant to L.B.R. 2016-3(a)(2), and requests this Court approve counsel's compensation in the total amount of $_____ with the Trustee distributing to counsel the amount stated in §2(e)A.1. of the Plan. Confirmation of the plan shall constitute allowance of the requested compensation.**

Part 3: Priority Claims (Including Administrative Expenses & Debtor's Counsel Fees)

**§ 3(a) Except as provided in § 3(b) below, all allowed priority claims will be paid in full unless the creditor agrees otherwise:**

| Creditor | Type of Priority | Estimated Amount to be Paid |
|---|---|---|
| **Paul H. Young, Esquire** | **Attorney Fee** | **$4,000.00** |
| **Paul H. Young, Esquire** | **Attorney Fee** | **Post-confirmation: $1,500.00** |

**§ 3(b) Domestic Support obligations assigned or owed to a governmental unit and paid less than full amount.**

☒ **None.** If "None" is checked, the rest of § 3(b) need not be completed or reproduced.

Part 4: Secured Claims

**§ 4(a) ) Secured claims not provided for by the Plan**

☒ **None.** If "None" is checked, the rest of § 4(a) need not be completed or reproduced.

**§ 4(b) Curing Default and Maintaining Payments**

☐ **None.** If "None" is checked, the rest of § 4(b) need not be completed.

The Trustee shall distribute an amount sufficient to pay allowed claims for prepetition arrearages; and, Debtor shall pay directly to creditor monthly obligations falling due after the bankruptcy filing in accordance with the parties' contract.

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

| Debtor | **Mary M. Rubenstein** | | | Case number | **19-13824** |

| Creditor | Description of Secured Property and Address, if real property | Current Monthly Payment to be paid directly to creditor by Debtor | Estimated Arrearage | Interest Rate on Arrearage, if applicable (%) | Amount to be Paid to Creditor by the Trustee |
|---|---|---|---|---|---|
| Wells Fargo Bank | 3032 Susquehanna Road Abington, PA 19001 | 435.74 | Prepetition: $ 6,306.32 | 0.00% | $6,306.32 |
| Wells Fargo Home Mor | 6242 Neshaminy Valley Drive Bensalem, PA 19020 | 1,974.32 | Prepetition: $ 27,870.09 | 0.00% | $27,870.09 |

**§ 4(c) Allowed Secured Claims to be paid in full: based on proof of claim or pre-confirmation determination of the amount, extent or validity of the claim**

☒    **None.** If "None" is checked, the rest of § 4(c) need not be completed or reproduced.

**§ 4(d) Allowed secured claims to be paid in full that are excluded from 11 U.S.C. § 506**

☐    **None**. If "None" is checked, the rest of § 4(d) need not be completed.
The claims below were either (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

(1) The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

(2) In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. § 1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below. If the claimant included a different interest rate or amount for "present value" interest in its proof of claim, the court will determine the present value interest rate and amount at the confirmation hearing.

| Name of Creditor | Collateral | Amount of claim | Present Value Interest | Estimated total payments |
|---|---|---|---|---|
| **Bucks County Tax Claim Bureau** | 4635 Acton Court Bensalem, PA 19020 | $ 11,506.96 | 9.00% | $13,745.37 |
| **PA Department of Revenue** | | $ 388.39 | 0.00% | $317.59 |
| **Upper Dublin School District** | 3032 Susquehanna Road Abington, PA 19001 | $ 27,028.97 | 0.00% | $27,028.97 |

**§ 4(e) Surrender**

☒    **None.** If "None" is checked, the rest of § 4(e) need not be completed.

**§ 4(f) Loan Modification**

☒ **None**. *If "None" is checked, the rest of § 4(f) need not be completed.*

Part 5: General Unsecured Claims

**§ 5(a) Separately classified allowed unsecured non-priority claims**

☒    **None.** If "None" is checked, the rest of § 5(a) need not be completed.

**§ 5(b) Timely filed unsecured non-priority claims**

(1) Liquidation Test *(check one box)*

☐ All Debtor(s) property is claimed as exempt.

☒ Debtor(s) has non-exempt property valued at $ **476,585.30** for purposes of § 1325(a)(4) and plan provides for distribution of $ **1315.74** to allowed priority and unsecured general creditors.

(2) **Funding: § 5(b) claims to be paid as follows** *(check one box)*:

3

| Debtor | Mary M. Rubenstein | Case number | 19-13824 |
|---|---|---|---|

☒ Pro rata

☐ 100%

☐ Other (Describe)

### Part 6: Executory Contracts & Unexpired Leases

☒ **None.** If "None" is checked, the rest of § 6 need not be completed or reproduced.

### Part 7: Other Provisions

**§ 7(a) General Principles Applicable to The Plan**

(1) Vesting of Property of the Estate *(check one box)*

☒ Upon confirmation

☐ Upon discharge

(2) Subject to Bankruptcy Rule 3012, the amount of a creditor's claim listed in its proof of claim controls over any contrary amounts listed in Parts 3, 4 or 5 of the Plan.

(3) Post-petition contractual payments under § 1322(b)(5) and adequate protection payments under § 1326(a)(1)(B), (C) shall be disbursed to the creditors by the debtor directly. All other disbursements to creditors shall be made to the Trustee.

(4) If Debtor is successful in obtaining a recovery in personal injury or other litigation in which Debtor is the plaintiff, before the completion of plan payments, any such recovery in excess of any applicable exemption will be paid to the Trustee as a special Plan payment to the extent necessary to pay priority and general unsecured creditors, or as agreed by the Debtor or the Trustee and approved by the court..

**§ 7(b) Affirmative duties on holders of claims secured by a security interest in debtor's principal residence**

(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage.

(2) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note.

(3) Treat the pre-petition arrearage as contractually current upon confirmation for the Plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based on the pre-petition default or default(s). Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

(4) If a secured creditor with a security interest in the Debtor's property sent regular statements to the Debtor pre-petition, and the Debtor provides for payments of that claim directly to the creditor in the Plan, the holder of the claims shall resume sending customary monthly statements.

(5) If a secured creditor with a security interest in the Debtor's property provided the Debtor with coupon books for payments prior to the filing of the petition, upon request, the creditor shall forward post-petition coupon book(s) to the Debtor after this case has been filed.

(6) **Debtor waives any violation of stay claim arising from the sending of statements and coupon books as set forth above.**

**§ 7(c) Sale of Real Property**

☒ **None**. If "None" is checked, the rest of § 7(c) need not be completed.

(1) Closing for the sale of ___ (the "Real Property") shall be completed within months of the commencement of this bankruptcy case (the "Sale Deadline"). Unless otherwise agreed, each secured creditor will be paid the full amount of their secured claims as reflected in § 4.b (1) of the Plan at the closing ("Closing Date").

(2) The Real Property will be marketed for sale in the following manner and on the following terms:

(3) Confirmation of this Plan shall constitute an order authorizing the Debtor to pay at settlement all customary closing expenses and all liens and encumbrances, including all § 4(b) claims, as may be necessary to convey good and marketable title to the purchaser. However, nothing in this Plan

4

| Debtor | **Mary M. Rubenstein** | Case number | **19-13824** |
|---|---|---|---|

shall preclude the Debtor from seeking court approval of the sale of the property free and clear of liens and encumbrances pursuant to 11 U.S.C. § 363(f), either prior to or after confirmation of the Plan, if, in the Debtor's judgment, such approval is necessary or in order to convey insurable title or is otherwise reasonably necessary under the circumstances to implement this Plan.

(4) Debtor shall provide the Trustee with a copy of the closing settlement sheet within 24 hours of the Closing Date.

(5) In the event that a sale of the Real Property has not been consummated by the expiration of the Sale Deadline:

## Part 8: Order of Distribution

**The order of distribution of Plan payments will be as follows:**

**Level 1**: Trustee Commissions*
**Level 2**: Domestic Support Obligations
**Level 3**: Adequate Protection Payments
**Level 4:** Debtor's attorney's fees
**Level 5**: Priority claims, pro rata
**Level 6:** Secured claims, pro rata
**Level 7:** Specially classified unsecured claims
**Level 8:** General unsecured claims
**Level 9:** Untimely filed general unsecured non-priority claims to which debtor has not objected

*\*Percentage fees payable to the standing trustee will be paid at the rate fixed by the United States Trustee not to exceed ten (10) percent.*

## Part 9: Nonstandard or Additional Plan Provisions

Under Bankruptcy Rule 3015.1(e), Plan provisions set forth below in Part 9 are effective only if the applicable box in Part 1 of this Plan is checked. Nonstandard or additional plan provisions placed elsewhere in the Plan are void.

☒ **None.** If "None" is checked, the rest of § 9 need not be completed.

## Part 10: Signatures

By signing below, attorney for Debtor(s) or unrepresented Debtor(s) certifies that this Plan contains no nonstandard or additional provisions other than those in Part 9 of the Plan.

| Date: | **August 31, 2022** | **/s/ Paul H. Young, Esquire** |
|---|---|---|
| | | **Paul H. Young, Esquire** |
| | | Attorney for Debtor(s) |

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                                                                                                                   Best Case Bankruptcy

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0313-2<br>Case 19-13824-mdc<br>Eastern District of Pennsylvania<br>Philadelphia<br>Fri Aug  5 11:19:15 EDT 2022 | BUCKS COUNTY TAX CLAIM BUREAU<br>C/O JOHN A. TORRENTE, ESQ.<br>55 EAST COURT STREET<br>DOYLESTOWN, PA 18901-4318 | Synchrony Bank<br>c/o PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 |
| United States Trustee<br>Office of the U.S. Trustee<br>200 Chestnut Street<br>Suite 502<br>Philadelphia, PA 19106-2908 | Upper Dublin School District<br>c/o Portnoff Law Associates, Ltd.<br>P.O. Box 3020<br>Norristown, PA 19404-3020 | Philadelphia<br>900 Market Street<br>Suite 400<br>Philadelphia, PA 19107-4233 |
| Bank Of America<br>Attn: Bankruptcy<br>Po Box 982238<br>El Paso, TX 79998-2238 | Bank Of America<br>Po Box 982238<br>El Paso, TX 79998-2238 | Bank of America, N.A.<br>P O Box 982284<br>El Paso, TX 79998-2284 |
| Barclays Bank Delaware<br>Po Box 8803<br>Wilmington, DE 19899-8803 | Bucks County Tax Claim Bureau<br>c/o John A. Torrente, Esquire<br>Begley, Carlin & Mandio, LLP<br>680 Middletown Blvd<br>Langhorne, PA 19047-1817 | Bucks County Tax Claim Bureau<br>c/o John Torrente, Esquire<br>55 E. Court Street<br>Doylestown, PA 18901-4318 |
| (p)CAPITAL ONE<br>PO BOX 30285<br>SALT LAKE CITY UT 84130-0285 | Capital One<br>Attn: Bankruptcy<br>Po Box 30285<br>Salt Lake City, UT 84130-0285 | Capital One, N.A.<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern PA 19355-0701 |
| Cavalry Portfolio Services<br>500 Summit Lake Drive<br>Valhalla, NY 10595-2321 | Cavalry Portfolio Services<br>Attn: Bankruptcy Department<br>500 Summit Lake Ste 400<br>Valhalla, NY 10595-2321 | Cavalry SPV I, LLC<br>500 Summit Lake Drive, Ste 400<br>Valhalla, NY 10595-2321 |
| (p)JPMORGAN CHASE BANK  N A<br>BANKRUPTCY MAIL INTAKE TEAM<br>700 KANSAS LANE FLOOR 01<br>MONROE LA 71203-4774 | (p)DISCOVER FINANCIAL SERVICES LLC<br>PO BOX 3025<br>NEW ALBANY OH 43054-3025 | Discover Financial<br>Po Box 3025<br>New Albany, OH 43054-3025 |
| Kohls/Capital One<br>Kohls Credit<br>Po Box 3120<br>Milwaukee, WI 53201-3120 | Kohls/Capital One<br>N56 W 17000 Ridgewood Dr<br>Menomonee Falls, WI 53051-5660 | Mitchel J. Rubenstein<br>3032 Susquehanna Road<br>Abington, PA 19001-4029 |
| PA Department of Revenue<br>Bankruptcy Division, PO Box 280946<br>Harrisburg, PA 17128-0001 | Pennsylvania Department of Revenue<br>Bankruptcy Division PO Box 280946<br>Harrisburg, Pa.  17128-0946 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 |
| (p)CITIZENS BANK N A<br>ATTN BANKRUPTCY TEAM<br>ONE CITIZENS BANK WAY<br>JCA115<br>JOHNSTON RI 02919-1922 | Synchrony Bank<br>c/o of PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | United Rev<br>Po Box 1184<br>Langhorne, PA 19047-6184 |

```
Upper Dublin School District           (p)DSNB MACY S                          WELLS FARGO BANK,N.A.
c/o James R. Wood, Esquire             CITIBANK                                C/o Thomas Song, Esq.
Portnoff Law Associates, Ltd.          1000 TECHNOLOGY DRIVE MS 777            1617 JFK Boulevard, Suite 1400
2700 Horizon Drive, Suite 100          O FALLON MO 63368-2222                  One Penn Center Plaza
King of Prussia, PA 19406-2726                                                 Philadelphia, PA 19103


(p)WELLS FARGO BANK NA                 Wells Fargo Bank                        Wells Fargo Bank
1 HOME CAMPUS                          Credit Bureau Dispute Resoluti          P O Box 31557
MAC X2303-01A                          Des Moines, IA 50306                    Billings, MT 59107-1557
DES MOINES IA 50328-0001


Wells Fargo Bank, N.A.                 Wells Fargo Bank, N.A.                  Wells Fargo Bank, N.A.
Attention: Payment Processing          Default Document Processing             Default Document Processing
MAC F2302-04C                          MAC# N9286-01Y                          MAC# N9286-01Y
1 Home Campus                          1000 Blue Gentian Road                  P.O. Box 1629
Des Moines, IA 50328-0001              Eagan MN 55121-1663                     Minneapolis, MN 55440-1629


Wells Fargo Bank, N.A.                 Wells Fargo Bank, N.A.                  Wells Fargo Bank, N.A.
Default Document Processing            MAC N9286-01Y                           MAC N9286-01Y
N9286-01Y                              1000 Blue Gentian Road                  P.O. Box 1629
1000 Blue Gentian Road                 Eagan, MN 55121-1663                    Minneapolis, MN 55440-1629
Eagan, MN 55121-1663


Wells Fargo Bank, N.A. As Successor By Merge   Wells Fargo Bank,NA             Wells Fargo Bank,NA
To Wachovia Bank, N.A.                         Attention: Payment Processing   c/o KARINA VELTER
c/o Jill Manuel-Coughlin, Esq.                 MAC# F2302-04C                  Manley Deas Kochalski LLC
8 Neshaminy Interplex                          1 Home Campus                   P.O. Box 165028
Suite 215                                      Des Moines IA 50328-0001        Columbus, OH 43216-5028
Trevose, PA 19053-6980


Wells Fargo Bank,NA                    Wells Fargo Home Mor                    Wells Fargo Home Mor
c/o Thomas Song, Esq                   Attn Bankruptcy Dept                    Po Box 10335
Phelan Hallinan Diamond & Jones, LLP   P.O. Box 10335                          Des Moines, IA 50306-0335
1617 JFK Boulevard, Suite 1400         Des Moines, IA 50306-0335
One Penn Center Plaza
Philadelphia, PA 19103

CAMERON DEANE                          KENNETH E. WEST                         Mary M. Rubenstein
Young, Marr, Mallis & Deane, LLC       Office of the Chapter 13 Standing Truste 3032 Susquehanna Road
3554 Hulmeville Road                   1234 Market Street - Suite 1813         Abington, PA 19001-4029
Suite 102                              Philadelphia, PA 19107-3704
Bensalem, PA 19020-4366


PAUL H. YOUNG
Young, Marr, Mallis & Deane, LLC
3554 Hulmeville Rd.
Ste 102
Bensalem, PA 19020-4366




              The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
              by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Capital One                            Chase Card Services                     (d)Chase Card Services
15000 Capital One Dr                   Correspondence Dept                     Po Box 15298
Richmond, VA 23238                     Po Box 15298                            Wilmington, DE 19850
                                       Wilmington, DE 19850
```

| | | |
|---|---|---|
| Discover Financial<br>Po Box 15316<br>Wilmington, DE 19850 | Portfolio Recovery Associates, LLC<br>POB 12914<br>Norfolk VA 23541 | (d)Portfolio Recovery Associates, LLC<br>POB 41067<br>Norfolk VA 23541 |
| RBS Citizens Cc<br>1 Citizens Dr.<br>Ms: Rop 15b<br>Riverside, RI 02915 | (d)RBS Citizens Cc<br>1000 Lafayette Blvd<br>Bridgeport, CT 06604 | Visa Dept Store National Bank/Macy's<br>Attn: Bankruptcy<br>Po Box 8053<br>Mason, OH 45040 |
| (d)Visa Dept Store National Bank/Macy's<br>Po Box 8218<br>Mason, OH 45040 | Wells Fargo Bank<br>Attn: Bankruptcy Dept<br>Po Box 6429<br>Greenville, SC 29606 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Bucks County Tax Claim Bureau | (u)WELLS FARGO BANK, N.A. | (u)Wells Fargo Bank, N.A. As Successor By Mer |

| | | |
|---|---|---|
| (d)Upper Dublin School District<br>c/o Portnoff Law Associates, Ltd.<br>P.O. Box 3020<br>Norristown, PA 19404-3020 | End of Label Matrix<br>Mailable recipients    51<br>Bypassed recipients     4<br>Total                  55 | |